[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15082
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00246-KD-M

TIFFANY COLE,

Plaintiff-Appellant,

versus

MOUNTAIN VIEW MARKETING, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 10, 2011)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Tiffany Cole, a female and former Senior Sales Manager with Mountain View Marketing, Inc. ("Mountain View"), appeals the district court's grant of summary judgment as to her complaint alleging sex discrimination, raised pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(a).[1]  Conceding that Mountain View presented legitimate, non-discriminatory reasons for firing her, Cole argues that those reasons were pretextual.

We review a district court's grant of summary judgment *de novo*, and view all of the evidence in a light most favorable to the non-moving party.  *Brooks v. Cnty. Comm'n of Jefferson Cnty., Alabama*, 446 F.3d 1160, 1161-2 (11th Cir. 2006).

In this case, the record reflects undisputed evidence that financial considerations motivated Mountain View to eliminate several positions in 2008.  It consistently maintained that a workforce reduction and geographical reasons - tied to a requirement that individuals in Cole's position drive to, and meet with, key customers on a monthly basis - justified its decision to fire Cole and retain three male Senior Sales Managers, who lived closer to key accounts.  It then relied upon

---

[1] Cole's complaint also invoked the Fourteenth Amendment, but she abandoned any issue with respect to it because she did not raise it on appeal.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (party abandons an issue if not raised in initial brief).

Cole's performance and lack of seniority, in addition to its previously asserted reasons. Although Cole presented some evidence of her superior performance and qualifications to those of the retained Senior Sales Managers, it did not demonstrate that her performance and qualifications so far exceeded those of the retained Senior Sales Managers that no reasonable person could have chosen to retain any one of them over her under the circumstances presented.

In sum, Cole did not refute Mountain View's proffered reasons, and did not provide more than a scintilla of evidence that they were pretexts for sex discrimination. Because she did not present evidence that would permit a reasonable fact-finder to disbelieve Mountain View's proffered reasons, the district court properly granted Mountain View's motion for summary judgment.

**AFFIRMED.**